EL PUEBLO, APELADO, *v.* LAPORTE, APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama.

No. 520.—Resuelto en enero 24, 1913.

DERECHO PENAL—PERJURIO—PRUEBAS.—Este tribunal no puede examinar las ins-
trucciones al jurado cuando éstas no están debidamente certificadas por el
juez sentenciador.
ID. — INSTRUCCIONES AL JURADO — PLIEGO DE EXCEPCIONES — EXPOSICIÓN DEL
CASO.—No conteniendo la transcripción de autos pliego de excepciones ni
exposición del caso, ni estando debidamente certificadas las instrucciones al
jurado, este tribunal no tiene medios para determinar si la prueba es o no
suficiente para sostener el veredicto del jurado.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

La parte apelante no compareció.

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del
tribunal.

El presente es un caso de perjurio cometido durante la
celebración de una causa criminal por un testigo presentado
por la defensa.  La causa se originó en la Corte de Distrito
de Guayama, en donde se formuló una acusación por el Fiscal
del distrito imputando a la acusada, Julia Laporte, que es la
apelante ante este tribunal, la comisión del delito de perjurio,
que se alega fué cometido el día 26 de octubre de 1910 mien-
tras se celebraba una causa criminal ante un jurado en dicha
fecha, en la Corte de Distrito de Guayama, del distrito judi-
cial del mismo nombre, en donde se había acusado a un tal
Pedro Desús de un delito de tentativa de cometer asesinato,
habiendo la referida Julia Laporte, falsa, ilegal y voluntaria-
mente, y después de haber sido debidamente juramentada en
corte abierta ante el secretario de dicha corte de distrito,
funcionario debidamente autorizado para ello, y en violación
del expresado juramento y haciendo un esfuerzo ilegal por
favorecer al referido Pedro Desús, declarado con respecto
a los siguientes hechos, que eran esenciales y se relacionaban

con el caso, alegando que dichos hechos eran verdaderos y exactos; a saber: que el día 17 de septiembre de 1910 Federico Vázquez fué a la casa de Dolores Rivera, *alias* Sanabria, en momentos en que se encontraba allí la testigo, con el objeto de obligarla a tener contacto carnal con él, y mientras esto ocurría llegó Pedro Desús; que la testigo no había mandado a buscar a Federico Vázquez, pues no tenía ningún asunto que ventilar con él; que Federico Vázquez se echó encima de Pedro Desús con la intención de herirle y que este último le dijo que se contuviera; que Desús disparó el primer tiro al aire; que tan pronto como Vázquez vió a Desús, le atacó con una hoja de sable en el momento en que Desús tenía alzados los brazos, teniendo la testigo completo conocimiento de la falsedad de sus declaraciones, que eran esenciales a la cuestión que se ventilaba, y siendo los verdaderos hechos del caso, que Julia Laporte estaba acompañada de Dolores Rivera y Federico Vázquez, habiendo ésta mandado a buscar a este último en la noche del 17 de septiembre de 1910, cuando Pedro Desús se presentó en la puerta y disparó a Vázquez, que se encontraba de espalda a la calle. Que inmediatamente después, la testigo huyó por la puerta de atrás y oyó otros dos tiros que se dispararon, todo lo cual aparece de una declaración que fué prestada bajo juramento por la referida Julia Laporte, el 18 de septiembre de 1910, ante el Fiscal del distrito, Salvador Mestre, que estaba debidamente facultado para tomar juramentos, durante la investigación que se siguió por dicho funcionario.

El día 30 de marzo de 1911 la acusada, Julia Laporte, compareció ante la corte e hizo su alegación de no culpable. Solicitó y obtuvo un juicio por jurado, y éste el día 21 de abril de 1911 emitió un veredicto declarando culpable a la acusada. Y habiendo la corte desestimado una moción de nuevo juicio que fué presentada, la referida Julia Laporte fué sentenciada en 25 de abril de 1911 a sufrir un año de presidio con trabajos forzados, teniendo derecho a que se le abone la prisión

preventiva que sufrió mientras estuvo esperando la celebra-
ción del juicio.

En 27 de abril de 1911 la acusada, por medio de su abo-
gado C. Domínguez Rubio, interpuso apelación para ante
este tribunal, sin que haya comparecido la apelante, ni
aparezca en los autos ningún alegato, exposición del caso,
pliego de excepciones o relación de hechos.

Examinando los autos encontramos en los mismos los
siguientes documentos: la acusación, las instrucciones emi-
tidas por el juez Harry P. Leake, Esq., al jurado, una mo-
ción de la acusada solicitando un nuevo juicio, y una apela-
ción interpuesta contra la sentencia y la resolución de la
corte desestimando dicha moción de nuevo juicio.

La defensa fundó la moción de nuevo juicio en el artículo
303, párrafo 6º. del Código de Enjuiciamiento Criminal, o
sea, porque el veredicto del jurado era contrario a la ley y a
las pruebas. Se alega que el veredicto del jurado es con-
trario a la ley porque la corte dejó de instruir al jurado sobre
ciertas cuestiones legales; pero encontramos que las instruc-
ciones, según aparecen en los autos y que fueron dadas por
el juez al jurado, no están debidamente autorizadas por el
juez, por cuya razón no deben ni pueden ser tomadas en
consideración. Véase la opinión de este tribunal en el
caso de *El Pueblo* v. *Coll,* 18 D. P. R., 361. Alegando,
además, que el veredicto del jurado es contrario a la
prueba, porque ciertos hechos que se alegaron fueron admi-
tidos como verdaderos sin que se probara la certeza de los
mismos, no habiendo la corte dado instrucciones al jurado
con respecto al hecho de que, con arreglo a la ley, debía pre-
sumirse que tales hechos eran ciertos; y no habiéndose acom-
pañado a los autos ningún pliego de excepciones, relación de
hechos o exposición del caso, y como por tales motivos no
podemos tomar en consideración las instrucciones, según
fueron dadas al jurado por la corte, no estamos en condi-
ciones de considerar la cuestión relativa a si la prueba pre-

sentada fué suficiente para que el jurado pudiera fundar en ella su veredicto.

De un examen de los autos no aparece que la corte sentenciadora cometió error fundamental alguno durante la celebración del juicio, debiendo, por consiguiente, confirmarse la sentencia apelada en todas sus partes.

Confirmada.

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.